## United States District Court
## District of Columbia

Araceli Dotarot Montuya         *
c/o Laurence F. Johnson         *
2401 Blueridge Ave., Suite 407     *
Silver Spring, MD 20902        *
                                     *   Case No.
Plaintiff                        *
                                     *
vs.                                *
                                     *
Antoine Chedid and Afife Nicole Chedid   *
2841 McGill Terrace, NW       *
Washington, D.C. 20008        *
                                     *

Defendants

### COMPLAINT

Comes now the Plaintiff, Araceli Dotarot Montuya ("Plaintiff"), through counsel, Laurence F. Johnson and Edward Leavy, as and for her complaint and states as follows:

### PARTIES

1.       Plaintiff Araceli Dotarot Montuya an adult resident of the District of Columbia and a national of the Philippines. Antoine Chedid and Afife Nicole Chedid employed Plaintiff as a domestic employee. Employment took place in the District of Colombia from approximately August 3, 2007 through the September 9, 2009.

2.       Defendants, Antoine Chedid and Afife Nicole Chedid residents of the District of Columbia and citizens of Lebanon, reside at 2841 McGill Terrace, NW, Washington, D.C. 20008.

3.       Defendants are an "employer" within the meaning of the Fair Labor Standards Act, Title 29, United States Code §203(d).

4.      Defendant Antoine Chedid is an employee of the Embassy of Lebanon and as a result of his position obtained a visa to allow the Plaintiff to enter the United States as his household employee.

## JURISDICTION

5.      This court has Pendant jurisdiction over the actions arising under the Fair Labor Standards Act pursuant to Title 28, United States Code, §1331. This Court has subject matter jurisdiction over the causes of action alleged herein under the District of Columbia Law pursuant to Title 28, United States Code, §1367.

## VENUE

6.      Venue is proper in this judicial district of the District of Columbia pursuant to Title 28, United States Code, §1391.

## STATEMENT OF FACTS

7.      On or about August 3, 2007 Plaintiff was brought to the United States as Defendants' domestic servant.

8.      Plaintiff and Defendants signed a contract with the United States Department of State guaranteeing that Defendant would pay Plaintiff minimum wage for her services.

9.      During her employment with the Defendants, Plaintiff performed duties as a domestic employee and care-taker for the Defendants three (3) children ages 14, 17, and 19, as well as completing household tasks including gardening, cleaning, and cooking for the Defendants.

10.     Plaintiff worked for the Defendants beginning at 6:00 am and did not end work before 9:00 pm.

11.     Plaintiff sometimes worked until approximately 2:00 am 3 to 5 times per month.

12.     Plaintiff was required to work six days a week by defendants.

2

13.     Defendants severely verbally abused and insulted Plaintiff.

14.     When Plaintiff complained about her working conditions, the Defendants took retaliatory actions which included severely insulting Plaintiff.

15.     Plaintiff was not allowed to leave Defendants' house, and was requested to do some work Sunday evenings.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### (29 U.S. C. Section 201, et seq.)

16.     The allegations in paragraphs 1 through 15 are hereby incorporated by reference.

17.     Upon the information and belief, during the period of the Plaintiff's work, this totaled in excess of 105 hours per week for approximately 26 months.

18.     Defendant failed to pay Plaintiff the federally mandated minimum wage.

19.     During the period of the Plaintiff's employment for the Defendants, Defendants failed to pay the Plaintiff the federally mandated overtime compensation for such work in excess of 40 hours per week.

20.     Defendants' failure to pay Plaintiff the federally mandated wage was willful.

21.     As a result the Defendants failure to pay Plaintiff, Plaintiff was forced to engage the services of an attorney to collect the amount due to her by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for unpaid wages and overtime compensation due under the Fair Labor Standards Act; liquidated damages; reasonable attorney's fees; court costs; punitive damages; and such other and further relief, as this Court may deem appropriate.

3

## COUNT II

## BREACH OF CONTRACT

22.    The allegations in paragraphs 1 through 21 are hereby incorporated by reference.

23.    By choosing to employ Plaintiff, Defendants by implication agreed to pay Plaintiff no less than the federally mandated minimum wage, as well as federally mandated overtime compensation for work in excess of 40 hours per week.

24.    Plaintiff fully performed her obligations of house work and child-care.

25.    Plaintiff worked for approximately 16 hours per day, six days a week for a period of 26 months and sometimes until 2:00 am when there was a party.

26.    Defendants' failure to pay Plaintiff for her services constitutes a breach of the implied employment contract. Defendants are therefore liable to Plaintiff for the damages resulting from that breach.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid wages and over time compensation due under the Fair Labor Standards Act; liquidated damages; reasonable attorney's fees; court costs; punitive damages; and such other and further relief, as this Court may deem appropriate.

## COUNT III

## VIOLATION OF THE DISTRICT OF COLUMBIA MINIMUM WAGE LAW

## (DC CODE Title, §§ (32-1003), et seq.)

27.    Plaintiff re-alleges paragraphs 1 through 26 as hereby incorporated by reference.

28.    Plaintiff was employed by Defendants from August 3, 2007 through September 9, 2009.

4

29.    Plaintiff was not paid the minimum wage (including overtime) required by the District of

Columbia for the number of hours worked by her within the District of Columbia.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and separately in the amount

of $150,000, plus liquidated damages provided by law or as allowed by statute plus interest, attorney's

fees, costs, and for such other and further relief as to the Court appears just and appropriate.

## COUNT IV

## BREACH OF CONTRACT

30.    The allegations in paragraphs 1 through 29 are hereby incorporated by reference.

31.    Defendants and Plaintiff signed a contract with the Untied States Department of State in

which Defendants guaranteed that they would pay Plaintiff minimum wage for her work and one month

paid vacation after 2 years. The Defendants did not pay her for her vacation.

32.    Plaintiff fully performed her obligations of house work and child-care.

33.    Plaintiff worked approximately 16 hours per day and sometimes 20, six days a week for a

period of 26 months.

34.    Defendants' failure to pay Plaintiff for her services at the agreed minimum wage

constitutes a breach of the employment contract signed with the United States Department of State.

Defendants are therefore liable to Plaintiff for damages resulting from that breach.

## COUNT V

## FALSE IMPRISONMENT

35.    The allegations in paragraphs 1 through 34 are hereby incorporated by reference.

36.    During the entire term of employment, Defendants forbade Plaintiff to leave the house

except on Sundays.

37.    During the entire term of employment, Plaintiff was denied contact with the outside world, except on Sundays.

38.    Plaintiff was constructively imprisoned in Defendants home Monday thru Saturday.

WHEREFORE, Plaintiff demands judgment against Defendant for punitive damages; reasonable attorney's fees; court costs; and such other further relief as this Court may deem appropriate.

## COUNT VI

## INTENTIONAL MISREPRESENTATION

39.    The allegations in paragraphs 1 through 38 are hereby incorporated by reference.

40.    Defendants represented to Plaintiff that if Plaintiff traveled to the United States and worked for Defendants, Plaintiff would earn at least minimum wage for her services.

41.    Defendants by implication represented to Plaintiff that if Plaintiff traveled to the United States and worked for Defendants, Plaintiff would earn at least minimum wage, receive proper compensation for overtime, and have at least two free days a week and one month paid vacation after 2 years work.

42.    Defendants' actual representation with the United States Department of State contract, implied representation and implied employment contract constitute false representation of material facts to Plaintiff.

43.    Defendants had no intention to properly compensate Plaintiff for her work.

44.    Defendants deliberately induced Plaintiff to come to the United States under conditions that significantly limited Plaintiff's freedom. In addition, Defendants knew that with no family in the United States, Plaintiff would have a difficult time either reporting defendants to the appropriate authorities or leaving the Defendants' home.

6

45.     Defendants intended to defraud the Plaintiff.  Defendants' representations were made with the intention of having Plaintiff act or rely on them.

46.     Plaintiffs' decision to come to the United States and work for the Defendants was accomplished in reliance upon Defendants' representations.  Plaintiff was justified in her reliance because of the promises made by the Defendants.

47.     As a result of intentional misrepresentations made by Defendants, Plaintiff incurred damages.

WHEREFORE, Plaintiff demands judgment against Defendants for punitive damages; reasonable attorneys' fees; court costs; and such other further relief as this Court may deem appropriate.

## COUNT VII

## INTENTIONAL INFLICTION OF MENTAL DISTRESS

48.     The allegations in Paragraph 1-47 are hereby incorporated by reference.

49.     The Defendants intentionally and deliberately took specific actions with the expressed intent of causing Plaintiff intense emotional distress. Defendants' constantly insulted Plaintiff in front of party guests, co-workers and others.  Defendant Afife Nicole Chedid called Plaintiff "Hamara" (a donkey) one of the biggest insults, and "stupid" many times in front of guests and co-workers and once said "Fuck You" to Plaintiff in front of 3 co-workers Defendant's son age 15 and 2 waiters preparing food for a party.  Defendant Afife Nicole Chedid also shouted at Plaintiff everyday, which caused plaintiff intense emotional distress.

## COUNT VIII

## THIRD PARTY BENFICIARY CONTRACT

50.     The allegations in paragraphs 1-49 are hereby incorporated by reference.

7

51.   The Plaintiff was permitted to enter the United States legally and to work for the Defendants pursuant to special visa status.

52.   The Defendant Antoine Chedid as an Employee of the Embassy of Lebanon is required by terms of his employment with the Embassy of Lebanon to provide safe and non-oppressive working conditions for the Plaintiff.

53.   The Plaintiff is explicitly the third party beneficiary of the employment agreement between the Defendant Antoine Chedid and his employment at the Embassy of Lebanon.

54.   The working conditions as described above violate the terms of the Defendant Antoine Chedid's employment agreement and as a result of this breach of contract of which the Plaintiff is a third party beneficiary the Plaintiff has suffered economic distress.

## COUNT IX

## HUMAN RIGHTS VIOLATIONS

55.   The allegations in Paragraphs 1-54 are hereby incorporated by reference.

56.   The living conditions, violations of privacy, intimidation and threats to Plaintiff by Defendants are violations of Plaintiffs basic human rights including rights to be protected against being taken to foreign nations for purposes of exploitation.

## PRAYER FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury as to all issues raised in her Complaint.

## TEMPORARY RESTRAINING ORDER

57.   Plaintiff respectfully requests a temporary restraining order stopping Defendants from punishing, injuring or removing Plaintiff from the United States.

## CONCLUSION

WHEREFORE, Plaintiff demands judgment against Defendants for: a) compensatory damages in the amount of $150,000; and b) liquidated damages as mandated by law or as allowed by statute with interest, attorneys' fees, and costs; c) punitive damages in the amount of $500,000, a restraining order stopping Defendants from punishing, injuring or removing the Plaintiff from the United States and for such other and further relief as to the Court appears just and appropriate.

Respectfully Submitted,

Laurence F. Johnson, Attorney
Counsel for Plaintiff
2401 Blueridge Avenue, Suite 407
Silver Spring, MD 20902
(301) 942-0303

Edward Leavy, Attorney
Co-counsel for Plaintiff
3 Bethesda Metro Center, Suite 505
Bethesda, MD 20814